# MUNICIPAL COURT

MARSHALL v. NEFF.

Municipal Court, City of Dayton.

No. 45384.   Decided Feb. 23, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**798. MUNICIPAL COURT—681 Jurisdiction —460 Equity.**

1. Where cause of action arising out of contract or contracts between plaintiff and defendant, is pending in the Municipal Court, and showing is made that ends of justice demand that such contract or contracts be reformed or cancelled, Municipal Court has jurisdiction, by virtue of 1579-51 GC., sub-division 3, to decree such reformation or cancellation.

2. Such jurisdiction not affected by fact that action sounds in tort.

Heard on demurrer.

Demurrer overruled.

W. S. Rhotehamel, Dayton, for Marshall.

Murphy, Elliff, Leen & Murphy, Dayton, for Neff.

FULL TEXT.

WISEMAN, J.

The plaintiff in this case has filed an amended statement of claim setting forth two causes of action. The first cause of action is one in conversion, alleging that the plaintiff was lawfully possessed of a Chandler automobile of the value of $475.00 and that the defendant unlawfully converted the same to his own use.

In the second cause of action, the plaintiff alleges that he was possessed of a Chandler automobile, and that the defendant was possessed of a Studebaker automobile, and that the plaintiff and defendant entered into a contract whereby the plaintiff and defendant agreed to exchange their automobiles. That the defendant represented his Studebaker automobile to be a 1920 model and worth $400.00. The plaintiff further alleges all the necessary allegations to make out a good case of fraud or deceit. Plaintiff alleges that the automobile was not a 1920 model but was a 1919 model and was not of the value of $400.00, but was of the value of $200.00. Plaintiff then alleges that the defendant has in his possession, not only the Chandler automobile, but also the Studebaker automobile and that "the said contracts so made, executed and delivered as hereinbefore set forth, and that the matters and facts set out in the first cause of action herein, are the same transactions set out in the second cause of action herein.

"Plaintiff represents and shows to the court, that the end of justice demands that the contract or contracts hereinbefore set forth be cancelled and delivered up to the said plaintiff herein."

The plaintiff prays for damages in the sum of $475.00 and for the cancellation of said contracts.

The defendant demurs to the second cause of action for three reasons, first, on the ground that the court has no jurisdiction of the subject matter of said action; second, because the second cause of action does not state facts sufficient to constitute a good cause of action, and third, on the ground that several causes of action are improperly joined.

Taking the matters up in the inverse order, the court is of the opinion that the causes of action are not improperly joined. The court is of the opinion that an improper joinder only occurs when there is an inconsistency between the two causes of actions or where they do not comply with General Code 11306 which sets forth and enumerates the causes of action which may be joined.

Upon reading the case of Gartner v. Corwine, 57 O. S., 246, and P. C. & S. L. Railway Co. v. Hedges, 41 O. S., 233, and Dick v. Hyer, 94 O. S., 351, the court is of the opinion that the demurrer filed by the defendant herein on this ground should be overruled.

As to the second ground of the demurrer, that the facts stated do not show a good cause of action, the court is unable to find any failure on the part of the plaintiff, to plead any fact, which makes a pleading defective unless it be that the pleader has not stated that he has no adequate remedy at law as contended for by counsel for the defendant. The court is of the opinion that this contention is not well taken for the reason that the Act creating the Municipal Court, Section 1579-51, sub-division 3, provides that "When a cause arising out of a contract is pending in the Municipal court, and when the ends of justice demand that the contract or contracts be reformed or cancelled, the Municipal Court shall have jurisdiction to decree such reformation or cancellation."

The Court is of the opinion that the relief prayed for in this case is not such as is exercised by a court having original equity jurisdiction. If the plaintiff, in his pleading and in the proof of his facts, come within the terms of the section of the Municipal Court Act which has been quoted he is entitled to the relief which he prays for. Therefore, the demurrer will be overruled on the second ground.

As to the first ground that the court has no jurisdiction of the subject matter of said action, the court again refers to the section of the Municipal Court Act quoted above. The plaintiff has drawn his pleading in such a manner as to show contractural relations between the parties which have been violated by the defendant, and which gives rise to the cause of action set forth in the statement of claim. Therefore, it seems to the court that the cause of action which is pleaded does arise out of a contract or contracts between the plaintiff and the defendant, When such an action is pending in the Municipal Court, and a showing made to the court that the ends of justice demand that such contract or contracts be reformed or cancelled, the court is given the power to do so. As the court has heretofore stated, this section does not confer on the Municipal Court of Dayton the same power as a court having original equity jurisdiction. The equity powers of the Municipal Court of Dayton are limited, and the limitations are set forth in the Act creating the court. The court observes that the plaintiff has pleaded certain facts in his second cause of action for the specific purpose of making the proper showing to the court that the cause of action does arise out of contract and therefore, to bring said pleading within the terms of the section of the Municipal Court Act giving it equity jurisdiction to reform or cancel the contract. Counsel for the defendant, in his brief, contends that the plaintiff's action sounds in tort, that it is not a contract action. This court does not disagree with counsel in this respect. Conversions is essentially a tort action. However, it may arise out of violation of contractural obligations. The section of the Municipal Court Act herein referred to, does not state that before the court has power to reform or cancel a contract that the cause of action must sound in contract. The Act states that "When a cause of action arising out of a contract is pending in the Municipal Court" that upon the proper showing, the court has certain equity powers.

This is the first case which has come before this court where this question had to be determined. The court, in considering this matter, has come to the conclusion that the equity powers of the Municipal Court of Dayton under this section are much broader than the judges of this court and the members of the bar have heretofore believed. The court is of the opinion that the case before the court falls within the terms of this section and that it was meant to cover just such a state of facts. Therefore the court overrules the demurrer.

Counsel will draw the proper entry.